Citation Nr: 1533658 
Decision Date: 08/06/15 Archive Date: 08/20/15

DOCKET NO. 10-29 056 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for residuals of right renal cell carcinoma, status post right nephrectomy (kidney cancer) to include as secondary to herbicide exposure.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. S. Willie, Counsel
INTRODUCTION

The Veteran had active service from February 1960 to October 1979. 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

A Travel Board hearing in front of the undersigned Veterans Law Judge was held in May 2012. A transcript of the hearing has been associated with the claim file.

The claim for service connection for residuals of right renal cell carcinoma, status post right nephrectomy (kidney cancer) to include as secondary to herbicide exposure and the service-connected prostate cancer was denied by the Board in a January 2013 decision. The Veteran appealed the Board's decision to the Court of Appeals for Veterans Claims (Court). In a Joint Motion for Remand (JMR) the parties agreed to vacate the Board's January 2013 decision denying service connection and remand the case to the Board for additional development. The JMR was incorporated by reference in a Court order dated in May 2013.

In December 2013, this case was remanded for further development to include obtaining a VA opinion. 

The claim for service connection for residuals of right renal cell carcinoma, status post right nephrectomy (kidney cancer) to include as secondary to herbicide exposure and the service-connected prostate cancer was again denied by the Board in a November 2014 decision. The Veteran appealed the Board's decision to the Court. In a JMR the parties agreed to vacate the Board's November 2014 decision denying service connection and remand the case to the Board for additional development, as related to herbicide exposure. The denial of kidney cancer as secondary to prostate cancer was not appealed and that part of the decision was not disturbed. The JMR was incorporated by reference in a Court order dated in June 2015. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran appeals the denial of service connection for residuals of right renal cell carcinoma, status post right nephrectomy (kidney cancer) to include as secondary to herbicide. He contends that his disability is due to Agent Orange exposure. In this case, the Veteran's DD 214 clearly reflects service in Vietnam, thus he is presumed to have been exposed to Agent Orange during such service, for the purpose of this discussion. 

In relation to his claim, the Veteran has been afforded VA examinations/opinions to determine the etiology of his kidney cancer. In the June 2015 JMR, however, the parties found that the January 2014 and September 2014 VA opinions were inadequate as both examiners relied on information contained in the Veterans and Agent Orange Update 2010 as supporting rationale. Essentially, the parties argued the VA opinions found against a relationship between the Veteran's cancer and Agent Orange exposure merely because reports did not support a statistical association. The parties argued that the mere fact that a condition is not presumed by VA to have been caused by herbicide exposure is not, in and of itself, a sufficient basis to deny service connection for the condition. See Polovick v. Shinseki, 23 Vet. App. 48, 55 (2009) (holding that "to permit the denial of service connection for a disease on the basis that it is not likely there is any nexus to service solely because the statistical analysis does not support presumptive service connection, would, in effect, permit the denial of direct service connection simply because there is no presumptive service connection"). It was determined that the VA examiners did not discuss whether, and how, any recognized risk factors for kidney cancer applied to the Veteran personally nor did they discuss any other circumstances specific to the Veteran. 

In light of the June 2015 JMR and Court order, the Board finds that a remand is necessary for the purpose of obtaining another opinion consistent with the directives set forth below. 

In order to assure that the record is complete, any current treatment records should be obtained.

Accordingly, the case is REMANDED for the following action:

1. Obtain any records of continuing treatment of kidney cancer. The Veteran should be contacted to identify any recent treatment and provide release form for private records. All attempts to obtain the records should be documented in the claims folder.

2. Obtain a VA opinion addressing the etiology of the Veteran's kidney cancer from a VA oncologist. An additional physical examination of the Veteran is not required unless specifically requested by the reviewing oncologist. Access to VBMS and Virtual VA must be available to the examiner. The examiner's review of such must be documented in the report. After review of the record, the oncologist must opine whether any diagnosed kidney cancer is at least as likely as not related to active military service to include presumed exposure to herbicides. The examiner must address the Veteran's contentions and the statement of Dr. F. The examiner must be informed that a statistical correlation between Agent Orange and a disease not on the presumptive list may not be the only basis for a negative nexus opinion. The examiner must discuss whether, and how, any recognized risk factors for kidney cancer apply to the Veteran personally and any other circumstances specific to the Veteran. A fully reasoned rationale with reference to pertinent evidence supporting the opinion offered is required for all opinions. 

3. After the development requested has been completed, the AOJ should review the examination report to ensure that it is in complete compliance with the directives of this remand. The AOJ must ensure that the examiner has documented his/her review of all pertinent records all electronic records. If the report is deficient in any manner, the AOJ must implement corrective procedures at once.

4. Upon completion of the above requested 
development and any additional development deemed appropriate the AOJ must readjudicate the issue. All applicable laws and regulations must be considered. 
If the benefit sought on appeal remains denied, the appellant and his representative should be provided with a 
supplemental statement of the case. An appropriate period of time should be allowed for response. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West. 2014).

_________________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).